# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1280V
UNPUBLISHED

| | |
|---|---|
| MACKENZIE SUMMERS,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 10, 2021<br><br>Motion for decision; Dismissal;<br>Human papillomavirus ("HPV")<br>vaccine; Postural Orthostatic<br>Tachycardia Syndrome ("POTS") |

*Andrew D. Downing*, Van Cott & Talamante, PLLC, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On September 28, 2020, Mackenzie Summers filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Ms. Summers alleged that she developed Postural Orthostatic Tachycardia Syndrome ("POTS"), among other injuries, from a human papillomavirus ("HPV") vaccine she received on September 13, 2017. ECF no. 1.

On July 28, 2021, Ms. Summers filed a motion for a decision dismissing the petition. ECF no. 18. For the reasons set forth below, Ms. Summers's motion is **GRANTED**, and this case is **DISMISSED**.

Ms. Summers did not file any medical records, affidavits, or other supporting documentation with the petition. The PAR Initial Order required Ms. Summers to file

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

these statutorily required documents. ECF No. 5. Ms. Summers received nine extensions of time but did not file any documents to comply with the PAR Initial Order.

On July 28, 2021, Ms. Summers filed a motion for a decision dismissing the petition stating that:

> "She wishes to pursue a third party action in district court against [the vaccine manufacturer] directly. This choice should not be viewed in any way that Petitioner does not believe in the merits of her claim or that her injuries are not a result of [the HPV vaccine]. Petitioner simply needs a judgment from the Vaccine Program so that she may reject said judgment and submit her election to opt out. However, petitioner feels she will be unable to prove that she is entitled to compensation in the Vaccine Program."

ECF No. 18.

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Ms. Summers alleged a Non-Table claim, i.e., that her POTS and other injuries were actually caused by the HPV vaccination.

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). For a Non-Table claim, a petitioner must satisfy all three of the elements established by the Federal Circuit in *Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1278 (2005): "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury."

Initially, Ms. Summers has not filed any medical records as a preliminary statutory requirement to compensation in the Vaccine Program. In regard to the requirements of a Non-Table claim, she has not submitted sufficient evidence to establish the Althen prongs, such as an expert report proposing a medical theory. Moreover, Ms. Summers admitted in her motion for a decision that she will not be able to establish entitlement to compensation.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.**[3]

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."

**IT IS SO ORDERED.**

                                      **s/Brian H. Corcoran**
                                      Brian H. Corcoran
                                      Chief Special Master